GRABER, Circuit Judge,
dissenting:
I respectfully dissent because, in my view, the Commissioner’s decision employs the correct legal standard and is supported by substantial evidence. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.1998) (describing our standard of review).
The administrative law judge (“ALJ”) permissibly discounted Dr. Nagy’s assessment of Claimant’s limitations. For example, Dr. Nagy made his last progress note on May 29, 2008, before Claimant ceased taking the medication that was suspected of causing his then-increased symptoms. Additionally, some of the limitations that Dr. Nagy listed were inconsistent with the details contained in his own treatment records, as well as inconsistent with treatment records of several other medical providers.
The ALJ also permissibly found Claimant not to be fully credible. The ALJ noted several specific ways in which Claimant’s subjective complaints were overstated in relation to objective medical findings and in relation to Claimant’s contemporaneous reports to some of the treating professionals. Moreover, the ALJ permissibly relied on the fact that Claimant discontinued mental health treatment for more than a year, suggesting that his mental impairment was not as severe as alleged. Finally, the ALJ permissibly relied on Claimant’s range of daily activities, including hunting, fishing, learning to play the guitar, lifting weights, and starting to develop a home-based business, the later economic failure of which does not detract from the relevance to credibility of the work activity itself, in which Claimant engaged for about four hours per day for about six months.